JOHN J. BROWN *vs.* LEVI JOY and others.

*R. S.,* c. 83, § 25 *construed.*

The R. S. of 1857, c. 83, § 18, identical with R. S. of 1871, c. 83, § 25, provide for the issue, by a justice to whom the records of a deceased justice have been delivered, of an execution upon any judgment rendered by such deceased justice; but that "no such first execution shall issue after one year from the time the judgment was rendered, unless on *scire facias. Held,* that the words "such first execution" referred to the first execution issued by the magistrate with whom the records of the deceased justice were deposited, and not to the first execution issued on the judgment; and that the justice to whom the records of the deceased justice have been delivered, has no right to issue his first execution (unless on *scire facias*) after one year from the time the judgment was rendered.

ON AGREED STATEMENT OF FACTS.

DEBT on a poor debtor's bond.

This action was submitted to this court on the following agreed statement of facts:

The writ in the suit in which the execution issued, upon which the debtor was arrested, was returnable before Edwin Small, Esq., a trial justice for the county of Kennebec, at China, in that county, on the fourth day of May, 1868, at which time and place the defendant, Levi Joy, was defaulted and judgment rendered against him for the sum of eighteen dollars, debt, and four dollars, cost of suit. This judgment was properly recorded and signed by the justice. On the 6th day of May, 1868 said Justice issued execution on the judgment which was returned in no part satisfied, and an alias execution was issued by said Small on the 6th day of September, 1869, which was also returned in no part satisfied. In January, 1870, Mr. Small died, and on the 1st day of February, 1870, his records, containing the record of the judgment and proceedings aforesaid, were delivered to one James Brainerd, Esq., another trial justice for the county of Kennebec, agreeably to R. S., 1857, c. 83, § 17 (same as R. S. of 1871, c. 83, § 25) who transcribed

the same upon his book of records, agreeably to said section, and on the second day of the same month issued execution on such transcribed record under section 18 of the same chapter, on which last-named execution the debtor (Joy) was arrested, and was released by giving the bond provided for by R. S., 1857, c. 113, § 22, which bond is the one in suit here.

None of the conditions of said bond having been performed, this action was seasonably commenced.

It was agreed that if the execution issued by James Brainerd, Esq., was legally issued, the defendants were to be defaulted; otherwise, a judgment was to be entered in their favor.

*William H. Fogler,* for the plaintiff.

The point at issue is whether the words " such first execution," mean the first execution issued by the transcribing justice, or the first execution issued on the judgment. He succeeds to all the powers of the deceased magistrate ; and the clause in question was inserted to place the same restriction upon his power as upon that of the original justice as to the first execution issued on the judgment. The execution issued by Brainerd was not a first execution but a *pluries.* R. S., c. 82, §§ 126, 127.

*George E. Johnson,* for the defendants.

Originally the transcribing justice could not issue any execution from the transcribed record, but must issue *scire facias.* Laws of 1821, c. 76, § 15. By R. S. of 1841, c. 116, § 22, he could issue no execution after one year after judgment had expired except upon *scire facias.* R. S. of 1857, c. 83, § 17, go one step further, that his first execution cannot issue after the lapse of that period, except upon *scire facias.* If the intention were to give the same power that the original magistrate possessed, this last clause would have been omitted.

APPLETON, C. J. Provision is made by R. S., 1857, c. 83, § 17, for the transcribing the records of a deceased trial justice upon the records of another justice.

By § 18, " On such transcribed record, the justice may issue execution as if the judgment was rendered by himself, changing the form as the case requires ; but no such first execution shall issue after one year from the time the judgment was rendered, unless on *scire facias*."

The first execution referred to in the above section is the one to be issued by the transcribing justice, which must be done within " one year from the time the judgment was rendered." Unless issued within the year, he can only issue on *scire facias*.

The execution, upon which the bond in suit was given, was issued after one year from the time judgment was rendered and was improvidently issued, and in such case, by the agreement of parties judgment is to be rendered for the defendants.

*Judgment for defendants.*

Cutting, Kent, Barrows, and Danforth, JJ., concurred.